# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-150-FDW

| | |
|---|---|
| DEMITURES ELLIS, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| AVERY MITCHELL CORRECTIONAL, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on its own motion following receipt of Plaintiff's Administrative Remedy Statement. (Doc. No. 7).

## I. BACKGROUND

On July 10, 2015, pro se Plaintiff Demitures Ellis filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Avery Mitchell Correctional Institution violated his First Amendment right to free exercise of religion by denying him the vegan diet that his religion requires. Plaintiff also cites the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 et seq. Plaintiff originally filed this action in the Eastern District of North Carolina, and on July 22, 2015, the Eastern District transferred the action to this Court.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

-1-

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

As noted, Plaintiff purports to bring a claim in this action against the sole named Defendant Avery Mitchell Correctional for a violation of Plaintiff's First Amendment right to free exercise of his religion and his rights under RLUIPA. Despite asserting, in his administrative remedy statement, that he exhausted his administrative remedies as to his claims and that he attached the relevant grievances, Plaintiff has attached no grievances showing that he exhausted his administrative remedies before filing this action. See (Doc. No. 7). The Court will grant Plaintiff the opportunity to submit documents showing this Court that he submitted a grievance for his claims before filing this action and that he pursued the grievance through all steps of the grievance process.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff shall have twenty days in which to submit to this Court documents showing that he filed a grievance and proceeded through all Three Steps of the grievance process with regard to his claims in this action. Plaintiff's failure to submit a timely response will result Plaintiff's claim for failure to exhaust and without further notice to Plaintiff.

Frank D. Whitney
Chief United States District Judge